**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

DIVISIONAL OFFICES

P. O. BOX 835
CHARLESTON, SC 29402
(843)579-1401 FAX 579-1402

P. O. BOX 10768
GREENVILLE, SC 29603
(864) 241-2700 FAX 241-2711

OFFICE OF THE CLERK
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201
(803) 765-5816  FAX (803) 765-5960
www.scd.uscourts.gov

P. O. BOX 2317
FLORENCE, SC 29503
(843) 676-3820 FAX 676-3831

LARRY W. PROPES
CLERK OF COURT

June 28, 2010

Clerk, U.S. District Court
Central District of California, Western Division
312 North Spring Street, Room G-8
Los Angeles, CA 90012



FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2010
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

Re:   Transfer of Jurisdiction for Tamer E. Qursha
      3:05-1007-CMC / LA 10-cr-671-GW

Dear Sir or Madam:

      Enclosed herewith is a copy of the Order Transferring Jurisdiction (Form PROB 22), filed on June 28, 2010. Also enclosed are certified copies of the Indictment, Judgment, and Docket Sheet.

      Please contact me if you need anything further.

Sincerely,

Larry W. Propes, Clerk

s/Sara K. Samsa
Deputy Clerk

Enclosures

CLOSED

# U.S. District Court
## District of South Carolina (Rock Hill)
### CRIMINAL DOCKET FOR CASE #: 0:05−cr−01007−CMC−1
*Internal Use Only*

Case title: USA v. Qursha et al

Date Filed: 09/21/2005
Date Terminated: 12/18/2006

Assigned to: Honorable Cameron McGowan Currie

**Defendant (1)**

**Tamer E Qursha**
*TERMINATED: 12/18/2006*

represented by **John S Simmons**
John S Simmons Law Offices
PO Box 5
Columbia, SC 29202
803−779−4600
Fax: 803−254−8874
Email: jsimmons@simmonslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18:1341 knowingly devised a scheme and artifice to defraud persons seeking financing for business ventures 18:2 Aiding and Abetting
(1)

**Disposition**

The defendant is hereby committed to the custody of the Bureau of Prisons for a term of Eighteen (18) months with the recommendation that the closest available institution to Mission Viejo, California, be designated. Upon release, the defendant shall be on supervised release for a term of Three (3) years with the special condition that any remaining restitution shall be paid in minimum monthly installments of $200.00 beginning Sixty (60) days after release from incarceration. Restitution in the amount of $179,514.19 (interest waived) and Special Assessment in the amount of $100.00 are due immediately

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:1343 FRAUD BY WIRE, RADIO, OR TELEVISION by means in interstate commerce $64,000 from East Cost Composite Technologies maintained at the Bank of America, Winnsoboro SC and 18:2 Aiding and Abetting
(2)

**Disposition**

Dismissed on Government motion

**Highest Offense Level (Terminated)**

Felony



A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY: Sara K. Samsa
DEPUTY CLERK

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA        represented by    **Dean A Eichelberger**
US Attorneys Office
1441 Main Street
Suite 500
Columbia, SC 29201
803-929-3000
Fax: 803-254-2943
Email: dean.eichelberger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2005 | 1 | (Court only) INDICTMENT with original grand jury ballot – Private Entry as to Tamer E Qursha, Suzanne Qursha. (asni, ) (Entered: 09/22/2005) |
| 09/21/2005 | 2 | INDICTMENT as to Tamer E Qursha (1) count(s) 1, 2, Suzanne Qursha (2) count(s) 1, 2. (asni, ) (Entered: 09/22/2005) |
| 09/21/2005 | 3 | (Court only) CRIMINAL COVER SHEET as to Tamer E Qursha (asni, ) (Entered: 09/22/2005) |
| 09/21/2005 | 5 | Summons Issued in case as to Tamer E Qursha Arraignment set for 10/12/2005 09:45 AM in Columbia # 7, Matthew J. Perry, Court House, 901 Richland St, Columbia before Magistrate Judge Bristow Marchant. (asni, ) (Entered: 09/22/2005) |
| 09/28/2005 | 7 | ORDER FOR ISSUANCE OF Bench WARRANT as to Tamer E Qursha . Signed by Judge Bristow Marchant on 9/27/05. (ljon, ) (Entered: 09/29/2005) |
| 09/28/2005 | 8 | Bench Warrant Issued in case as to Tamer E Qursha. (ljon, ) (Entered: 09/29/2005) |
| 09/29/2005 | | (Court only) Terminate Deadlines and Hearings as to Tamer E Qursha, Suzanne Qursha: (ljon, ) (Entered: 09/29/2005) |
| 09/30/2005 | 11 | (Court only) Case Assigned as to Tamer E Qursha, Suzanne Qursha to Judge Cameron McGowan Currie. (cram) (Entered: 10/03/2005) |
| 07/11/2006 | | Arrest of Tamer E Qursha in ND–Illinois. (will, ) (Entered: 07/24/2006) |
| 07/24/2006 | 12 | Rule 5c3 Documents Received as to Tamer E Qursha from ND–Illinois (will, ) (Entered: 07/24/2006) |
| 07/24/2006 | 13 | CJA 23 Financial Affidavit (Restricted Access) by Tamer E Qursha (will, ) (Entered: 07/24/2006) |
| 07/28/2006 | 14 | ARREST Warrant Returned Executed on 7/11/2006 in case as to Tamer E Qursha. (will, ) (Entered: 07/28/2006) |
| 08/25/2006 | | (Court only) ***Staff Notes as to Tamer E Qursha: Inquiry to USMS (Jacqui) indicated that defendant is to be picked up in Mecklenburg, NC, this date, for transport back to this district. (will, ) (Entered: 08/25/2006) |
| 08/28/2006 | 22 | Minute Entry for proceedings held before Judge Bristow Marchant :Arraignment as to Tamer E Qursha (1) Count 1,2 held on 8/28/2006; Attorney John Simmons makes a special appearance on behalf of defendant. Will notify the Court by 9/5/06 of status of representation. Defendant waives reading of the indictment. Plea of not guilty. Government moves for detention. Detention hearing scheduled for 9/1/06. Court Reporter ESR. (ljon, ) (Entered: 08/28/2006) |

| | | |
|---|---|---|
| 08/28/2006 | 23 | NOT GUILTY PLEA ENTERED as to Tamer E Qursha (ljon, ) (Entered: 08/28/2006) |
| 08/28/2006 | 24 | ORDER OF DETENTION as to Tamer E Qursha: Detention Hearing set for 9/1/2006 10:00 AM in Columbia # 7, Matthew J. Perry, Court House, 901 Richland St, Columbia before Magistrate Judge Bristow Marchant.. Signed by Judge Bristow Marchant on 8/28/06.(ljon, ) (Entered: 08/28/2006) |
| 08/28/2006 | 25 | SCHEDULING NOTICE as to Tamer E Qursha;Motions due by 9/14/2006. Pretrial Conference set for 9/14/2006 09:30 AM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Cameron McGowan Currie. Jury Selection set for 9/28/2006 09:30 AM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Cameron McGowan Currie (ljon) (Entered: 08/28/2006) |
| 09/01/2006 | 26 | Minute Entry for proceedings held before Judge Bristow Marchant :Detention Hearing as to Tamer E Qursha held on 9/1/2006; USA renews oral motion for detention; oral arguments by defense counsel and USA; court will set a secured bond for defendant but requests defense counsel come up with appropriate conditions to ensure defendants presence at future hearings; defendant continued in custody. Court Reporter Gary Smith.CJA Time 10:00−12:15. (ttil, ) (Entered: 09/01/2006) |
| 09/13/2006 | | (Court only) Attorney update in case as to Tamer E Qursha. Attorney John S Simmons for Tamer E Qursha added. (will, ) (Entered: 09/13/2006) |
| 09/13/2006 | 29 | NOTICE OF RESCHEDULED HEARING as to Tamer E Qursha, Suzanne Qursha − Pretrial Conference on 9/14/2006 at 9:30 a.m. cancelled and rescheduled to: Attorney Status Hearing set for Tamer Qursha on 9/19/2006 09:30 AM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Cameron McGowan Currie. Pretrial Conference reset for 9/26/2006 09:30 AM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Cameron McGowan Currie. (will, ) (Entered: 09/13/2006) |
| 09/13/2006 | 30 | NOTICE OF ATTORNEY APPEARANCE: John S Simmons appearing for Tamer E Qursha (Simmons, John) (Entered: 09/13/2006) |
| 09/13/2006 | 31 | MOTION to Continue *[Revised to include consent of defendant Tamer Qursha]* by USA as to Tamer E Qursha, Suzanne Qursha. Proposed Order sent to Judge Chambers email address? No. (Eichelberger, Dean) (Entered: 09/13/2006) |
| 09/13/2006 | 32 | NOTICE OF CANCELLATION OF HEARING: Attorney Status Hearing on 9/19/2006 at 9:30 a.m. as to Tamer E Qursha (will, ) (Entered: 09/13/2006) |
| 09/14/2006 | | (Court only) ***Motions terminated as to Tamer E Qursha: 31 MOTION to Continue *[Revised to include consent of defendant Tamer Qursha]* filed by USA, (Pretrial already continued). (will, ) (Entered: 09/14/2006) |
| 09/26/2006 | 37 | PLEA AGREEMENT as to Tamer E Qursha (will, ) Additional attachment(s) added on 10/25/2006, to correct missing page (will, ). (Entered: 09/27/2006) |
| 09/26/2006 | 38 | Minute Entry for proceedings held before Judge Cameron McGowan Currie :Change of Plea Hearing as to Tamer E Qursha held on 9/26/2006. Plea Agreement accepted. Tamer E Qursha (1) Guilty Count 1. Tamer E Qursha (1) Counts to be Dismissed Count 2. Oral motion to dismiss charges against co−defendant Suzanne Qursha granted. Defendant Tamer Qursha returned to custody. Court Reporter Gary Smith.CJA Time 9:30 − 10:30. (will, ) (Entered: 09/27/2006) |
| 09/26/2006 | 39 | GUILTY PLEA TO COUNT 1 OF THE INDICTMENT ENTERED as to Tamer E Qursha (will, ) (Entered: 09/27/2006) |
| 09/26/2006 | 40 | NOTICE OF CANCELLATION OF HEARING: Jury Selection on 9/28/2006 as to Tamer E Qursha, Suzanne Qursha (will, ) (Entered: 09/27/2006) |
| 09/26/2006 | | (Court only) ***Location LO start as to Tamer E Qursha (will, ) (Entered: 09/27/2006) |

| | | |
|---|---|---|
| 11/30/2006 | 44 | NOTICE OF HEARING as to Tamer E Qursha Sentencing set for 1/2/2007 03:00 PM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Cameron McGowan Currie. (will, ) (Entered: 11/30/2006) |
| 12/04/2006 | 45 | NOTICE OF RESCHEDULED HEARING as to Tamer E Qursha Sentencing on 1/2/2007 at 3:00 cancelled and rescheduled to: Sentencing reset for 12/13/2006 03:00 PM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Cameron McGowan Currie. (will, ) (Entered: 12/04/2006) |
| 12/07/2006 | 46 | (Court only) PRESENTENCE INVESTIGATION REPORT − Initial (Sealed) as to Tamer E Qursha (Attachments: # 1 Recommendation # 2 Addendum # 3 PreSentence Rpt Attachments)(ecarpenter−USPO, ) (Entered: 12/07/2006) |
| 12/12/2006 | 47 | (Ex Parte) EX PARTE MOTION SEALED by USA as to Tamer E Qursha. Proposed Order sent to Judge Chambers email address? No. (Eichelberger, Dean) (Entered: 12/12/2006) |
| 12/13/2006 | 48 | Minute Entry for proceedings held before Judge Cameron McGowan Currie : denying 47 Motion for downward departure as to Tamer E Qursha (1); Sentencing held on 12/13/2006 as to Tamer E Qursha. Defendant returned to custody pending designation by Bureau of Prisons. Court Reporter Gary Smith.CJA Time 3:00 − 3:45. (will, ) (Entered: 12/14/2006) |
| 12/15/2006 | 49 | (Court only) PRESENTENCE INVESTIGATION REPORT − Final (Sealed) as to Tamer E Qursha (Attachments: # 1 Addendum # 2 Recommendation)(ecarpenter−USPO, ) (Entered: 12/15/2006) |
| 12/18/2006 | 50 | JUDGMENT as to Tamer E Qursha (1), Count(s) 1, The defendant is hereby committed to the custody of the Bureau of Prisons for a term of Eighteen (18) months with the recommendation that the closest available institution to Mission Viejo, California, be designated. Upon release, the defendant shall be on supervised release for a term of Three (3) years with the special condition that any remaining restitution shall be paid in minimum monthly installments of $200.00 beginning Sixty (60) days after release from incarceration. Restitution in the amount of $179,514.19 (interest waived) and Special Assessment in the amount of $100.00 are due immediately; Count(s) 2, Dismissed on Government motion. Signed by Judge Cameron McGowan Currie on 12/18/2006.(will, ) (Entered: 12/18/2006) |
| 12/18/2006 | 51 | STATEMENT OF REASONS (Sealed) as to Tamer E Qursha (will, ) (Entered: 12/18/2006) |
| 12/18/2006 | | (Court only) ***STATEMENT OF REASONS EMAILED as to Tamer E Qursha to USPO,USAO, USA Financial Litigation Unit and defense counsel (will, ) (Entered: 12/18/2006) |
| 10/15/2007 | 52 | MOTION to Modify Conditions of Supervised Release by USPO as to Tamer E Qursha. (Attachments: # 1 Waiver of Hearing)(will, ) (Entered: 10/15/2007) |
| 10/15/2007 | 53 | ORDER granting 52 Motion to Modify Conditions of Supervised Release as to Tamer E Qursha (1). Signed by Judge Cameron McGowan Currie on 8/31/2007.(will, ) (Entered: 10/15/2007) |
| 11/01/2007 | 54 | ORDER as to Tamer E Qursha: This matter is before the court on Defendant's letter requesting that he be allowed to serve his supervised release in the Middle East. Having considered the statutory directive of 18 U.S.C. § 3583(e), the court denies Defendant's request. Signed by Judge Cameron McGowan Currie on 11/1/2007.(will, ) (Entered: 11/01/2007) |
| 11/01/2007 | 55 | ***DOCUMENT MAILED as to Tamer E Qursha re 54 Order, placed in U.S. Mail to Tamar E. Qursha, 115 S. Ohio Street, Apt D, Anaheim, CA 92805 (will, ) (Entered: 11/02/2007) |
| 01/04/2008 | 56 | Letter from Tamer E Qursha in re: restitution payments (Attachments: # 1 Envelope)(will, ) (Entered: 01/07/2008) |

| | | |
|---|---|---|
| 01/07/2008 | <u>57</u> | Letter from Tamer E Qursha in re: Restitution and employment. (Attachments: #<u>1</u> Envelope)(will, ) (Entered: 01/07/2008) |
| 01/07/2008 | 58 | ORDER as to Tamer E Qursha re <u>57</u> Letter filed by Tamer E Qursha. This court has received correspondence from Defendant regarding, inter alia, the amount of the monthly payments of his restitution. The Clerk is directed to file this letter as of the filing date of this order. The United States Attorney shall respond to this letter by Friday, January 18, 2008. Signed by Honorable Cameron McGowan Currie on 1/7/2008.(will, ) (Entered: 01/07/2008) |
| 01/11/2008 | <u>59</u> | OBJECTIONS byUSATamer E Qursha *from defendant requesting modification of supervised release* to <u>57</u> Letter *from defendant requesting modification of supervised release* (Eichelberger, Dean) (Entered: 01/11/2008) |
| 01/16/2008 | 60 | ORDER as to Tamer E Qursha re <u>57</u> Motion to modify conditions of supervised release filed by Tamer E Qursha: The Government has responded to Defendant's request to modify the conditions of his supervised release. For the reasons stated in the Government's response, which the court adopts, Defendant's motion is denied. Signed by Honorable Cameron McGowan Currie on 1/16/2008.(will, ) (Entered: 01/16/2008) |
| 01/16/2008 | 61 | ***DOCUMENT MAILED as to Tamer E Qursha re 60 Order, placed in U.S. Mail to Tamer Qursha (will, ) (Entered: 01/16/2008) |
| 01/18/2008 | 62 | (Court only) Terminate Deadlines and Hearings as to Tamer E Qursha: Government's response (will, ) (Entered: 01/18/2008) |
| 06/28/2010 | <u>63</u> | Probation Jurisdiction Transferred to Central District of California, Western Division as to Tamer E Qursha Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (ssam, ) (Entered: 06/28/2010) |

**DUPLICATE ORIGINAL**

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| DOCKET NUMBER (Tran. Court) |
|---|
| 3:05-01007-001 |

| DOCKET NUMBER (Rec. Court) |
|---|
| CR10-691 GW |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Tamer E. Qursha<br>[redacted]<br>Aliso Viejo, CA 92656 | South Carolina | Columbia |

| NAME OF SENTENCING JUDGE |
|---|
| Cameron McGowan Currie |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>October 31, 2007 | TO<br>October 30, 2010 |
|---|---|---|

FILED
CLERK, U.S. DISTRICT COURT
JUN 21 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| OFFENSE |
|---|
| Wire Fraud |

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Central District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

6/1/10
Date

Cameron McGowan Currie
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Audrey B. Collins

6/21/2010
Effective Date

Chief United States District Judge

(Form Revised in WP80 by D/SC - 9/97)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 0:05- 1007 | |
| | ) 18 U.S.C. § 1341 | |
| | ) 18 U.S.C. § 1343 | |
| v. | ) 18 U.S.C. § 2 | |
| | ) | |
| TAMER E. QURSHA | ) | |
| SUZANNE QURSHA | ) INDICTMENT | |

COUNT 1

THE GRAND JURY CHARGES:

BACKGROUND

1.  At all time relevant to this Indictment:

    a.  TAMER E. QURSHA owned and operated Leasing Street, Inc., (LSI) a purported commercial financing venture located in California;

    b.  SUZANNE QURSHA was married to TAMER E. QURSHA and helped him in the operation of LSI;

    c.  TAMER E. QURSHA maintained an internet website for LSI at *www.leasingstreet.com*;

    d.  Randall F. Sisk lived in Winnsboro, South Carolina, and he was seeking funding for the manufacture and marketing of five products designed to assist emergency workers to more effectively perform their jobs;

    e.  Robert Bartram was a businessman from Matthews, North Carolina, who was assisting Sisk in efforts to locate funding for the products;

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK
BY: Sara K. Samsa
DEPUTY CLERK

2. Commencing at a time unknown to the Grand Jury, but from at least February 2004, TAMER E. QURSHA and SUZANNE QURSHA knowingly did devise and intend to devise a scheme and artifice to defraud persons seeking financing for business ventures and to obtain money and property from such persons by means of false and fraudulent pretenses, representations, and promises;

3. It was part of the scheme and artifice that TAMER E. QURSHA and SUZANNE QURSHA would do and cause to be done the following:

   a. Falsely represent to persons seeking financing that they had multiple sources of funding;

   b. Falsely provide the names of recognized financing companies and persons within such companies from whom they claimed to have successfully secured financing;

   c. Demand prepayment of funds and fees in connection with the purported financing being sought;

   d. After receiving such prepayment, advise the persons seeking funding that additional concerns had been identified that required the payment of additional funds before financing could be finalized;

   e. Use monies obtained from persons seeking financing to pay their own personal expenses rather than using such funds in the manner represented to the persons seeking financing;

4. On or about March 25, 2004, in the District of South Carolina, TAMER E.

QURSHA and SUZANNE QURSHA, for the purpose of executing the above scheme and artifice, and attempting to do so, did cause to be delivered by commercial interstate carrier from South Carolina to Leasing Street, Inc., in Aliso Viejo, California, a cashier's check in the amount of $76,342.49 payable to Leasing Street, Inc., representing the payment of a $6,000 fee and the first month's payment on a loan for 4 million dollars;

All in violation of Title 18, United States Code, Section 1341 and Section 2.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

1. Paragraphs 1 through 3 of Count 1 of this Indictment are incorporated herein as setting forth a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises;

2. On or about May 8, 2004, in the District of South Carolina and elsewhere, TAMER E. QURSHA and SUZANNE QURSHA, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did cause Randall F. Sisk and Robert Bartram to transmit and caused to be transmitted by means of wire in interstate commerce $64,000 from an account in the name of East Cost Composite Technologies that Sisk maintained at the Bank of America in Winnsboro, South Carolina, to Leasing Street, Inc., in Aliso Viejo, California;

All in violation of Title 18, United States Code, Section 1343 and Section 2.

A _____TRUE_____ BILL

▮▮▮▮▮▮▮▮▮▮
FOREMAN

▮▮▮▮▮▮▮▮▮▮
JONATHAN S. GASSER    (DAE)
UNITED STATES ATTORNEY

**MAXIMUM SENTENCE FOR EACH COUNT**
**FINE OF $250,000 (18 USC 3571)**
**IMPRISONMENT FOR 20 YRS**
**SUPERVISED RELEASE FOR 3 YRS  (18 USC 3583)**
**SPECIAL ASSESSMENT $100.00 (18 USC 3013)**

Case 2:10-cr-00671-GW Document 3 Filed 07/01/10 Page 13 of 18 Page ID #:16

AO 245B (SCD Rev. 8/06) Sheet 1 - Judgment in a criminal case 0:05-cr-01007-CMC Date Filed 12/18/06 Entry Number 50 Page 1 of 6

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | (For Offenses Committed On or After November 1, 1987) |
| vs. | |
| | Case Number: <u>0:05cr1007-CMC</u> (01) |
| TAMER E. QURSHA | |
| | US Marshal's Number: <u>18826-424</u> |
| | |
| | <u>John S. Simmons, Esquire</u> |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to <u>Count One (1) of the Indictment</u> on <u>September 26, 2006</u>.
☐ pleaded nolo contendere to count(s) on which was accepted by the court.
☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1341; 18:2 | Please see Indictment | March 25, 2004 | 1 |

    The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐    The defendant has been found not guilty on count(s)
■    <u>Count Two (2) of the Indictment</u>  is dismissed on the motion of the United States.
☐    Forfeiture provision is hereby dismissed on motion of the United States Attorney.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

<u>December 13, 2006</u>
Date of Imposition of Judgment

<u>s/Cameron McGowan Currie</u>
Signature of Judicial Officer

<u>CAMERON McGOWAN CURRIE, U.S. District Judge</u>
Name and Title of Judicial Officer



A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY: *Sara K. Samsa*
DEPUTY CLERK

Date December 18, 2006

AO 245B (SCD Rev. 8/06) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: TAMER E. QURSHA
CASE NUMBER: 0:05cr1007-CMC (01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Eighteen (18) months.

■ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the closest available institution to Mission Viejo, California be designated for service of the period of incarceration.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at a.m./p.m. on.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (SCD Rev. 8/06) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: TAMER E. QURSHA
CASE NUMBER: 0:05cr1007-CMC (01)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>Three (3) years</u>.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)
- ☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the following additional condition:

**Any remaining restitution balance shall be paid in minimum monthly installments of $200.00 beginning Sixty (60) days after release from incarceration.**

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall not commit another federal, state or local crime during the term of supervision.

AO 245B (SCD Rev. 8/06) Judgment in a Criminal Case
Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: TAMER E. QURSHA
CASE NUMBER: 0:05cr1007-CMC (01)

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 179,514.19 |

☐ The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

**SEE VICTIM(S) LIST ON THE NEXT PAGE**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . $

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■ The interest requirement is waived for the ☐ fine and/or ■ restitution.
    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   SCD (Rev. 8/06) Judgment in a Criminal Case
Sheet 5, Part A - Continued - Criminal Monetary Penalties

DEFENDANT: TAMER E. QURSHA
CASE NUMBER: 0:05cr1007-CMC (01)

## RESTITUTION PAYEES

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Robert Bartram | $ 74,514.19 | $ 74,514.19 | |
| Randall Sisk | $ 70,000.00 | $ 70,000.00 | |
| Blackstone Calling Card, Inc. | $ 35,000.00 | $ 35,000.00 | |
| TOTAL | $179,514.19 | $179,514.19 | |

AO 245B    (SCD Rev. 8/06) Judgment in a Criminal Case
Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: TAMER E. QURSHA
CASE NUMBER: 0:05cr1007-CMC (01)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ■ Special Assessment in the amount of $100.00 is due immediately, balance due

☐ not later than , or

■ in accordance with  ☐ C,  ■ D, or  ☐ E below; or

B ☐ Payments to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C ☐ Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence after the date of this judgment; or

D ■ Payments in monthly installments of no less than $200.00 are to commence within Sixty (60) days after release from imprisonment to a term of supervision.

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ■ Special instructions regarding the payment of criminal monetary penalties: During incarceration, the defendant shall make payments of 50 percent of his net quarterly prison income, applied to Special Assessment and Restitution.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.